**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TRACEY ELLIS, III, derivatively on behalf of LIFEMD, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JUSTIN SCHREIBER, MARC BENATHEN, JOSEPH V. DITROLIO, WILLIAM FEBBO, JOAN LAROVERE, CALUM MACRAE, ROBERTO SIMON, and JOHN STRAWN,<br><br>Defendants,<br><br>and<br><br>LIFEMD, INC.,<br><br>Nominal Defendant. | Case No. 1:25-cv-09343-NRB |

**JOINT STIPULATION AND ~~[PROPOSED]~~ ORDER TEMPORARILY STAYING ACTION**

WHEREAS, on November 7, 2025, Plaintiff Tracey Ellis, III ("Plaintiff") filed the above-captioned shareholder derivative action (the "Action") on behalf of nominal defendant LifeMD, Inc. ("LifeMD" or the "Company") in this Court alleging causes of action for breach of fiduciary duties, violation of Sections 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), misappropriation of information, and unjust enrichment against Justin Schreiber, Marc Benathen, Joseph V. DiTrolio, William Febbo, Joan LaRovere, Calum MacRae, Roberto Simon, and John Strawn (collectively, the "Individual Defendants" and, together with the Company, "Defendants");

WHEREAS, Defendants waived service on November, 11, 2025, and Defendants' deadline to answer or otherwise respond to Plaintiff's complaint is currently January 12, 2026 (ECF No. 6);

WHEREAS, on August 27, 2025, a lawsuit alleging violations of the federal securities laws was filed against Defendants LifeMD, Schreiber, and Benathen in the United States District Court for the Eastern District of New York, captioned *Johnston v. LifeMD, Inc.*, 2:25-cv-04761, and subsequently transferred to this Court and assigned the caption *Johnston v. LifeMD, Inc.*, 1:25-cv-09153-NRB (the "*Johnston* Action");

WHEREAS, the *Johnston* Action and this Action have overlapping alleged facts and circumstances, and the developments in the *Johnston* Action could have implications for the efficient prosecution of this Action;

WHEREAS, on December 11, 2025, related shareholder derivative actions filed in the United States District Court for the Eastern District of New York were consolidated under the lead action *Greenberg v. Schreiber, et al.*, 1:25-cv-05075-OEM-JRC (E.D.N.Y.) and stayed pending a decision on the anticipated motion to dismiss to be filed in the *Johnston* Action;

WHEREAS, the Parties have conferred and agree that, in light of the above, efforts should be made to work cooperatively in order to conserve the Court's and the Parties' resources and promote just and efficient case management; and

WHEREAS, the Parties agree that a temporary stay of the Action, under the below-described conditions, will help further those efforts;

IT IS HEREBY STIPULATED AND AGREED among the Parties, and respectfully submitted for the Court's approval, to temporarily stay the Action, pursuant to the following terms:

1. All proceedings in the Action, including but not limited to Defendants' obligation to answer, move, or otherwise respond to the complaint, are temporarily stayed, subject to the conditions discussed herein.

2. The Action, including all deadlines and conferences, shall be stayed until the earlier

of either of the following events: (i) the *Johnston* Action is dismissed in its entirety with prejudice, and any and all appeals related thereto have been exhausted; or (ii) any defendant in the *Johnston* Action files an answer in that case.

3. While the Action is stayed, the Company shall promptly notify Plaintiff, through their undersigned counsel, of any derivative lawsuits or threatened derivative lawsuits (including litigation demands and demands made pursuant to *8 Del. C.* §220 ("Section 220 Demand")) based on the same or similar sets of facts as those alleged in the Action ("Related Derivative Actions").

4. Defendants shall promptly notify Plaintiffs if any Related Derivative Action is not stayed for a similar or longer duration than this stay.

5. Plaintiff or Defendants may lift this stay at any time providing fourteen (14) business days' written notice to all counsel of record via email that they no longer consent to the voluntary stay of the Action. Any Party's decision to lift the stay does not preclude another Party from moving for reinstatement of the stay and shall not create a presumption that reinstatement of the stay is inappropriate, except that Defendants may not move to stay the Action on the grounds that another derivative action should proceed beforehand.

6. While the Action is stayed, Defendants shall provide Plaintiff with reasonable advance notice of, and shall invite Plaintiff to participate in, any mediation with plaintiff(s) in any Related Derivative Action. Additionally, during the pendency of the stay, in the event that a mediation is held in an effort to settle the *Johnston* Action, counsel for Defendants shall provide Plaintiff with reasonable advance notice of said mediation and shall include Plaintiff in such mediation.

7. While the Action is stayed, Defendants shall promptly produce to Plaintiff any documents produced, written discovery, and deposition transcripts in the *Johnston* Action and in

any Related Derivative Action, including subject to a Section 220 Demand, subject to a reasonable and mutually-agreed confidentiality agreement or protective order that permits Plaintiff to use the discovery in the Action.

8. Notwithstanding the stay of the Action, Plaintiff may file an amended complaint, though no Defendant shall be obligated to respond to it during the pendency of the stay.

9. Within fourteen (14) days of the termination of the stay, the Parties will meet and confer regarding a proposed schedule for proceedings in the Action, including the deadlines for Plaintiff to file any amended complaint and for Defendants to answer, move, or otherwise respond, and an initial pretrial conference, and submit the proposal to the Court promptly thereafter.

10. This Joint Stipulation is without waiver or prejudice to any and all claims, defenses, arguments, motions, or any requests for other relief that would otherwise be available to the Parties in the Action.

**IT IS SO STIPULATED.**

[signatures on following page]

Dated: December 16, 2025

Respectfully submitted,

**BRAGAR EAGEL & SQUIRE, P.C.**

*/s/ Brandon Walker*

Brandon Walker
Melissa A. Fortunato
810 Seventh Avenue, Suite 620
New York, NY 10019
Telephone: (212) 308-5858
Facsimile: (212) 214-0506
Email: walker@bespc.com
fortunato@bespc.com

Ligaya T. Hernandez
101 Lindenwood Drive, Suite 225
Malvern, PA 19355
Telephone: (646) 860-9155
Facsimile: (212) 214-0506
Email: hernandez@bespc.com

*Attorneys for Plaintiff*

**WILMER CUTLER PICKERING HALE and DORR LLP**

*/s/ Michael G. Bongiorno*

Michael G. Bongiorno
Tamar Kaplan-Marans
7 World Trade Center
250 Greenwich Street
New York, NY, 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
Email: michael.bongiorno@wilmerhale.com
Email: tamar.kaplan-marans@wilmerhale.com

*Attorneys for Defendants*

* * *

**~~[PROPOSED]~~ ORDER**

Based on the stipulation of the signed parties, and good cause appearing, IT IS HEREBY ORDERED that the Joint Stipulation is approved**.**

DATED: December 17, 2025

HON. NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE